1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8    _____
                                              )
9    LAKE UNION DRYDOCK COMPANY,              )
     INC.,                                    )
10                                            )      No. C05-2146RSL
                              Plaintiff,      )
11                                            )      ORDER DENYING IN PART
                  v.                          )      AND RESERVING IN PART
12                                            )      DEFENDANT'S MOTIONS IN
     UNITED STATES OF AMERICA,                )      LIMINE
13                                            )
                              Defendant.      )
     _____)
14

15          This matter comes before the Court on defendant's "Motions In Limine to Exclude

16   Certain Extrinsic Evidence, Expert Testimony, Fact Witnesses and Exhibits" (Dkt. ##19, 20).[1]

17   In its motion, defendant moves to exclude:  (1) three of plaintiff's experts under Daubert v.

18   Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); (2) three of plaintiff's non-expert witnesses that

19   defendant contends were not properly disclosed during discovery; (3) six of plaintiff's exhibits

20   that defendant contends were not properly disclosed during discovery; and (4) extrinsic evidence

21   concerning industry custom and practice.  Having reviewed the memoranda, declarations, and

22   _____

23          [1] Defendant improperly filed a separate "Notice of Motion, and Motion" (Dkt. #19) and a
     "Memorandum in Support of Its Motions In Limine" (Dkt. #20).  Under Local Civil Rule 7(b), "[t]he
24   argument in support of the motion shall not be made in a separate document but shall be submitted as
     part of the motion itself."
25

26   ORDER DENYING IN PART
     AND RESERVING IN PART
     DEFENDANT'S MOTIONS IN LIMINE

exhibits submitted by the parties, and the remainder of the record, the Court finds as follows:

**1.      Plaintiff's experts**

In its motion, defendant moves under Daubert and Fed. R. Evid. 702 to exclude plaintiff's experts:  Curt Quick, David Reichl, and Alan Nierenberg.  See Motion at 4-9.  Defendant contests Curt Quick's testimony because defendant contends that Mr. Quick is not an expert on Microsoft's "Project" scheduling software.  See Motion at 6.  Defendant also contests David Reichl's testimony because defendant contends that Mr. Reichl's background is with the United States Coast Guard and he does not have experience in the ship building, repair and conversion industry or experience with the National Oceanic and Atmospheric Administration ("NOAA"), for whom the ship at issue in this litigation was converted.  See Motion at 7-8.  Finally defendant contests Alan Nierenberg's testimony because defendant contends that Mr. Nierenberg is not an economist or a certified public accountant and the formula he used to calculate plaintiff's damages lacks an adequate foundation.  See Motion at 8-9.

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert, the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury.  Daubert, 509 U.S. at 597.  The gatekeeping function applies to all expert testimony, not just testimony based on science.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).  However, this case is being tried to the Court, and as numerous courts have observed,  "the Daubert gatekeeping obligation is less pressing in connection with a bench trial" where "the 'gatekeeper' and the trier of fact [are] one and the same."  Volk v. United States, 57 F. Supp. 2d 888, 896 n.5 (N.D. Cal.

ORDER DENYING IN PART
AND RESERVING IN PART
DEFENDANT'S MOTIONS IN LIMINE

1999); see also Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 596

n.10 (D.N.J. 2002) ("[W]here the Court itself acts as the ultimate trier of fact at a bench trial, the

Court's role as a gatekeeper pursuant to Daubert is arguably less essential."); Fierro v. Gomez,

865 F. Supp. 1387, 1395 n.7 (N.D. Cal. 1994), aff'd 77 F.3d 301 (9th Cir. 1996), vacated and

remanded on other grounds, 519 U.S. 918 (1996), modified on other grounds on remand, 147

F.3d 1158 (9th Cir. 1998) (concluding that the better approach under Daubert in a bench trial is

to permit the contested expert testimony and "allow 'vigorous cross-examination, presentation of

contrary evidence' and careful weighing of the burden of proof to test 'shaky but admissible

evidence'" (quoting Daubert, 509 U.S. 579 (1993)).

In ruling on a motion in limine, the Court must decide the merits of introducing a piece of

evidence or allowing testimony without the benefit of the context of a trial.  For this reason, Fed.

R. Evid. 103 empowers the court to make "a definitive ruling on the record admitting or

excluding evidence, either at or before trial."  Fed. R. Evid. 103(a) (emphasis added).  Here,

given the facts of the case, the Court concludes that the admissibility of the testimony of Messrs.

Quick, Reichl, and Nierenberg is best resolved at trial, rather than in limine.  Accordingly, the

Court DENIES defendant's motion in limine to exclude plaintiff's expert testimony.

### 2.    Non-expert witnesses

Defendant moves to exclude the testimony of Tom Hooper, Roger Morris, and Jack Brey

[Jack Brady][2] under Fed. R. Civ. P. 26 and Local General Rule 3 because defendant claims that

plaintiff failed to properly disclose these witnesses.  See Motion at 9; Reply at 1-2.  Plaintiff

---

[2]  Defendant's reference to "Jack Brey" appears to be a typographical error since this individual is
not listed as a witness in the pre-trial order and is not otherwise mentioned by plaintiff.  See Dkt. #28
(Agreed Pre-Trial Order) at 21-23 (listing plaintiff's 15 non-expert witnesses for trial).  Accordingly, the
Court construes defendant's request to exclude "Jack Brey" as a request to exclude "Jack Brady" given
that Mr. Brady is listed in the pre-trial order as a witness and plaintiff refers to Mr. Brady as the witness
to be excluded in its response.  See Response at 11 (identifying "Jack Brady").

ORDER DENYING IN PART
AND RESERVING IN PART
DEFENDANT'S MOTIONS IN LIMINE

opposes exclusion of these three witnesses because it contends that they were disclosed during discovery in response to defendant's discovery requests.  See Response at 11-12.  The Court finds that Messrs. Hooper, Morris, and Brady were disclosed on November 13, 2006 in response to defendant's first set of interrogatories.  See Dkt. #25 (Oberg Decl.) at Ex. J.

Under Fed. R. Civ. P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Rule 26(e)(1) provides that "[a] party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" (emphasis added).  Similarly, Local General Rule 3(a) states:  "[i]f the court determines at the time of trial that any party has failed to reveal the name of a witness or disclose an exhibit in the pretrial order or during pretrial proceedings, the court may direct that the testimony of such witness and/or such exhibit shall be inadmissible or may impose terms."

While defendant is correct that Messrs. Hooper, Morris, and Brady were not disclosed in plaintiff's Rule 26(a)(1) initial disclosures, these individuals were identified and made known to defendant in writing during the discovery process more than six months before the June 1, 2007 discovery deadline in response to defendant's first set of interrogatories on November 13, 2006. Dkt. #22 (Franken Decl.) at Ex. F; Dkt. #25 (Oberg Decl.) at Ex. J; Dkt. #14 (Order setting June 1, 2007 for completion of discovery).  For these reasons, defendant's motion to exclude the testimony of Messrs. Hooper, Morris, and Brady is DENIED.

ORDER DENYING IN PART
AND RESERVING IN PART
DEFENDANT'S MOTIONS IN LIMINE

-4-

### 3.     Exhibits

In its motion, defendant moves in limine to exclude "about six exhibits" that it claims were not properly disclosed. See Motion at 9. Defendant failed, however, to identify the six exhibits to be excluded in its motion. In its reply, defendant finally identified the six exhibits as: (1) "Labor Budget v. Actual & Labor Efficiency Chart"; (2) "Craft Breakdown - All Items Bar Chart"; (3) "Estimate Log, Extract & Analysis"; (4) "AMSEC Procurement Request"; (5) "Time Card Report"; and (6) "Time Cards."[3] See Reply at 1.

The Court finds that the "Estimate Log, Extract & Analysis" was made known to defendant during the deposition of George Nielson. See Dkt. #25 (Oberg Decl.), Ex. Q (Nielson Dep) at 93:24-94:11. Therefore, the Court DENIES defendant's motion to exclude this exhibit before trial. The Court will, however, consider any objection to admission of this exhibit (plaintiff's exhibit 410) into evidence at trial. Regarding the other five challenged exhibits, in its motion, defendant initially acknowledged that plaintiff appended copies of these documents to a copy of its pretrial statement. See Motion at 9 ("LUDC [plaintiff] appends copies of these documents [the six challenged exhibits] to the service copy of its pretrial statement apparently in a late attempt at revelation."). In its reply, however, defendant now contends that while the "Labor Budget v. Actual & Labor Efficiency Chart" and "Craft Breakdown - All Items Bar Chart" were disclosed with the pretrial order, the "AMSEC Procurement Request," "Time Card Report," and "Time Cards" have not been disclosed. See Reply at 2. Given defendant's failure to identify the challenged exhibits in its motion, other than by reference to "about six exhibits,"

---

[3] Based on the Court's review of the pre-trial order, it appears that the "Labor Budget v. Actual & Labor Efficiency Chart" is plaintiff's exhibit 408; the "Craft Breakdown - All Items Bar Chart" is plaintiff's exhibit 409; the "Estimate Log, Extract & Analysis" is plaintiff's exhibit 410; the "AMSEC Procurement Request" is not expressly identified in the pretrial order as an exhibit, but plaintiff's exhibit 382 is identified as "AMSEC documents"; the "Time Card Report" is plaintiff's exhibit 389; and "Time Cards" is plaintiff's exhibit 390. See Dkt. #28 (Pretrial Order) at 44-45.

ORDER DENYING IN PART
AND RESERVING IN PART
DEFENDANT'S MOTIONS IN LIMINE

coupled with defendant's new contention in its reply that certain documents, including "Time Cards" have never been produced, the Court DENIES defendant's motion to rule on this issue in limine.  The Court will consider the admissibility of these exhibits (plaintiff's exhibits 382, 389, 390, 408, and 409) at trial.

> **4.**    **Evidence of industry custom and practice**

Finally, defendant moves in limine to exclude "extrinsic evidence" regarding industry practices concerning:  (1) whether a Chief Engineer should have been provided by defendant; (2) whether defendant warranted the accuracy of the drawings; and (3) the time by which defendant needed to respond to plaintiff's change requests.  See Motion at 3-4.  In support of this argument, defendant contends that "[t]he Court should not entertain testimony or other evidence of 'industry' practices in this case for the simple reason that the contract (see, Ex. "G" to the Franken Declaration), which also incorporates the specifications, drawings and modifications, is complete, comprehensive and integrated, and parol evidence should not be admitted regarding alleged 'industry' practices."  Motion at 3.  Although defendant's counsel states in her declaration that Exhibit G is "a true and correct copy of the contract," this exhibit does not include the specifications, drawings and modifications that defendant concedes in its motion are part of "the contract."  In plaintiff's response, it contends that contract provisions regarding the contested issues, like the requirement that a ship's engineer be provided by defendant, are contained in the contract specifications.  See Response at 3.  At this stage of the proceedings, the parties have not provided the necessary evidentiary showing for the Court to determine what terms and documents constitute "the contract."  Until the Court makes its determination as to what constitutes "the contract," any ruling on whether the contract is fully integrated and unambiguous is premature.  Following from this, the Court also cannot determine whether evidence concerning industry practice should be excluded in response to defendant's motion in

ORDER DENYING IN PART
AND RESERVING IN PART
DEFENDANT'S MOTIONS IN LIMINE

1  limine.

2      A court may reserve ruling on a motion in limine to exclude extrinsic evidence until trial

3  in order to provide the court with an appropriate factual context.  Nat'l Union Fire Ins. Co. of

4  Pittsburgh, PA v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) ("While it is

5  true that extrinsic evidence offered to contradict the clear and unambiguous terms of an

6  insurance policy is inadmissible under the parol evidence rule, the current motion is too

7  sweeping in scope to be decided in limine.  Thus, the Court will reserve judgment on the motion

8  until trial when admission of particular pieces of evidence is in an appropriate factual context.")

9  (internal citations omitted)); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay

10 Kane, Federal Practice & Procedure § 2885 ("In nonjury cases the district court can commit

11 reversible error by excluding evidence but it is almost impossible for it to do so by admitting

12 evidence.").  In this case, for the reasons stated above, the Court RESERVES for trial its ruling

13 on whether evidence of industry practice is admissible.

14     For all of the foregoing reasons, defendant's "Motions In Limine to Exclude Certain

15 Extrinsic Evidence, Expert Testimony, Fact Witnesses and Exhibits" (Dkt. ##19, 20) is

16 DENIED IN PART and RESERVED IN PART.

17

18     DATED this 4th day of September, 2007.

19

20     *MRt S Lasnik*

21     Robert S. Lasnik
       United States District Judge

22

23

24

25

26 ORDER DENYING IN PART
   AND RESERVING IN PART
   DEFENDANT'S MOTIONS IN LIMINE          -7-